# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2022

Lyle W. Cayce
Clerk

No. 21-60197
Summary Calendar

MARTA ALICIA VENTURA-DE CACERES; ERICK ERNESTO
CACERES-GUZMAN; DENNYS EZEQUIEL CACERES-VENTURA;
ERICK JOSUE CACERES-VENTURA,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 845 612
BIA No. A209 845 613
BIA No. A213 138 919
BIA No. A213 138 920

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

---

\* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-60197

Marta Alicia Ventura-De Caceres, Erick Ernesto Caceres-Guzman, Dennys Ezequiel Caceres-Ventura, and Erick Josue Caceres-Ventura petition for review of a decision by the Board of Immigration Appeals (BIA) dismissing their appeal from the immigration judge's (IJ) denial of their applications for asylum and withholding of removal. We lack jurisdiction to consider the contentions that they are entitled to a remand for reconsideration of their claims in light of *Matter of L-E-A-*, 28 I. & N. Dec. 304 (A.G. 2021), and that the Board violated their due process rights, as those claims are unexhausted. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 359-60 (5th Cir. 2022).

The petitioners also challenge the BIA's conclusion that they failed to establish the required nexus between their family-based particular social group (PSG) and the alleged persecution. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019). The IJ found, and the BIA agreed, that gang members targeted the petitioners not on account of their membership in the PSG, but in an effort to recruit Dennys and to retaliate after he left the country to avoid joining the gang.

The evidence cited by the petitioners reflects that the gang members were motivated by criminal intentions—i.e., the desire to increase the organization's ranks and punish those who stood in the way—not hatred for the Caceres-Guzman family. Thus, substantial evidence supports the BIA's decision. *See Gonzales-Veliz*, 938 F.3d at 224. We do not reach the petitioners' remaining arguments because the adverse nexus conclusion is dispositive of their claims. *See id.*; *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

The petition for review is DISMISSED in part and DENIED in part.